UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON KEAN, #210913,  )
        Plaintiff,  )
    )  No. 1:12-cv-847
-v-  )
    )  HONORABLE PAUL L. MALONEY
CAROL HUGHES, et al.,  )
        Defendants.  )
_____)

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS MITCHELL, POHL AND TORSCH'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING DEFENDANTS**
**and**
**ORDER DENYING PLAINTIFF'S OBJECTION TO ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Jon Kean, a prisoner under the control of the Michigan Department of Corrections ("MDOC"), filed this lawsuit under 42 U.S.C. § 1983, alleging violations of his civil rights. Defendants Mitchell, Pohl and Torsch filed a motion for summary judgment, asserting that Plaintiff failed to exhaust his administrative grievances by failing to name them in the initial grievance. (ECF No. 21.) The magistrate judge issued a report, recommending Defendants' motion be granted and the claims be dismissed without prejudice. (ECF No. 32.) Plaintiff filed objections. (ECF No. 37.) The magistrate judge also issued an order (ECF No. 33) denying Plaintiff's motion to compel (ECF No. 13). In his objections to the report and recommendation, Plaintiff also objects to the order denying his motion to compel. (ECF No. 37.)

**1. REPORT AND RECOMMENDATION**

**LEGAL FRAMEWORK**

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## ANALYSIS

Plaintiff has not objected to the proposed findings of fact, opting to focus his objections on the discussion portion of the magistrate judge's report. With no objections to the proposed findings of fact, the Court accepts that portion of the report. The grievance record (ECF No. 22-3) confirms the magistrate judge's proposed findings. The initial grievance alleges a claim against Defendant Hughes only. Plaintiff does not allege that he informed Defendants Mitchell, Pohl, or Torsch of any threat to his person. Based on the statement of the problem in the initial grievance, Plaintiff has not made clear why he would have attempted to resolve the issue by addressing Defendants Mitchell, Pohl, or Torsch. The grievance did not put MDOC on notice of any possible claim against Mitchell,

Pohl, or Torsch.

The magistrate judge correctly noted that Plaintiff's Step II appeal makes only legal conclusions about Defendants Mitchell, Pohl, and Torsch. (R&R PgID 113.) Even in the Step II appeal, Plaintiff makes no factual assertions from which the MDOC or this Court could infer that Defendants Mitchell, Pohl, or Torsch were aware of any threat to Plaintiff before the incident giving rise to this lawsuit occurred.

The content of the MDOC's response to the grievance did not waive these Defendants' ability to raise a failure to exhaust affirmative defense. In the grievance, Plaintiff specifically names ARUS Hughes as the individual about whom he is complaining. The MDOC's response addressed the merits of Plaintiff's complaint against Defendant Hughes. The MDOC had no reason to address a claim against any other employee. In *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), the initial grievance did not name any defendant, and the MDOC opted to address the grievance on the merits, rather than denying the grievance for failing to name individuals. Unlike Reed-Bey, Plaintiff named a specific individual. Plaintiff's interpretation of the holding in *Reed-Bey* would require the MDOC to include, in response to any grievance, a list of all possible affirmative defenses that might be raised in a future lawsuit. That is not law.

Plaintiff objects to the manner in which the magistrate judge resolved the allegations in Plaintiff's affidavit. In his affidavit, Plaintiff alleges that, after he spoke with Defendant Hughes about the threat to Plaintiff, Hughes spoke with Defendants Mitchell, Pohl, and Torsch about Plaintiff. The magistrate judge correctly concluded that the factual allegations in the affidavit regarding Mitchell, Pohl, and Torsch are not included in the grievance record and certainly not in the initial grievance.

Accordingly, Plaintiff's objections to the report and recommendations are **DENIED.**

## 2. ORDER DENYING MOTION TO COMPEL

### LEGAL FRAMEWORK

When a pretrial matter that is not dispositive of a claim or defense is resolved by a magistrate judge, the party may file an objection within fourteen days of the date the party is served with the order. Fed. R. Civ. P. 72(a). The district judge reviews timely objections and may modify or set aside any part of the order that is clearly erroneous or contrary to law. *Id.*

Plaintiff filed a motion to compel the production of documents on January 16, 2013. (ECF No. 13.) Plaintiff requested, as a medical record, photographs of his injury. (*Id.*) A case management order did not issue until January 23, 2013. (ECF No. 15.) The magistrate judge dismissed the motion as premature. (ECF No. 33.) Plaintiff objects, stating that he has filed only one discovery motion, and referring the Court to an exhibit attached to his response to a motion for summary judgment (ECF No. 28-2.) Plaintiff insists that this discovery motion was not filed until after the case management order issued.

Plaintiff's objection is **DENIED.** The magistrate judge's ruling was not clearly erroneous or contrary to law. The discovery motion that was denied was filed prior to the case management order. Discovery requests, including requests for production of documents under Rule 34, may not be made until after the parties have conferred, as required by Rule 26(f). Fed. R. Civ. P. 26(d)(1). The Court issued a case management order providing for discovery. (ECF No. 15.) The discovery motion denied by the magistrate judge was filed before the case management order issued. The exhibits attached to Plaintiff's response to the motion for summary judgment have not been docketed as discovery motions. Under the Local Rules, discovery requests are served on the other party, not

filed with the Court. W.D. Mich. LR Civ. P. 5.3(a). Furthermore, motions must be filed separately, and with a supporting brief. *Id.* 7.1(a).

## CONCLUSION

For these reasons, **IT IS ORDERED** that

1. The report and recommendation (ECF No. 32) is **ADOPTED** over objections, as the Opinion of the Court.

2. Defendants Mitchell, Pohl, and Torsch's motion for summary judgment (ECF No. 21) is **GRANTED.** The claims against Defendants Mitchell, Pohl, and Torsch are **DISMISSED WITHOUT PREJUDICE.**

3. Plaintiff's objection to the order dismissing Plaintiff's motion to compel is **DENIED.**

Date: October 24, 2013 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge